State, Tindall et al., pros., v. Vanderbilt, Collector.

THE STATE, JOHN TINDALL AND OTHERS, PROSECUTORS, v. DANIEL VANDERBILT, COLLECTOR OF PHILLIPSBURGH.

Real estate must be assessed in the name of some person or persons or cor-
 · poration, as the owner thereof.

In matter of taxation.

Argued before Justices ELMER, BEDLE, and ·DALRIMPLE, by *J. G. Shipman,* for the prosecutors, and *J. M. Robeson* and the·*Attorney General,* for the defendant.

The opinion of the court was delivered by

ELMER, J.    This *certiorari* is prosecuted by the present owners of the property claimed to have been taxed in 1866. The assessment returned, in the column of names, has " Delaware rolling mill ;" in the column for acres or description has, " on bank of river Delaware ;" in that for value, " $44,000 ;" and the total tax assessed is $932.80.    The pro- · secutors purchased the property at a public sale made in July, 1866, by a receiver appointed by the Court of Chancery. Who were the previous owners, or where they resided, does not distinctly appear.    It is admitted that there was no corporation having the name of Delaware rolling mill, or any other name, which owned or possessed the property, on the twentieth day of May, or between that time and the twentieth day of August, 1866.

The first section of the act of 1854, (*Nix. Dig.* 853,\*) makes it.the duty of the assessors to assess all lands and real estate in the names of the owners thereof, respectively.    This act is expressly referred to in the tax law of 1866 as remaining in force; and all the provisions of this law contemplate assessments as therein required.    When the case of *State* v. *Collector of Jersey City,* 4 *Zab.* 108, was decided, the act of 1854 had not been passed.    Whether even now, such a designation of the persons taxed as was then sustained, might not be held a substantial name of the owners, it is

\* *Rev., p.* 1163, § 114.

unnecessary to determine; but in the case before us, it is evident there was no attempt to comply with the law, by assessing the property in the name of the owner or owners. The law gives the assessor ample means in all cases of ascertaining the real or supposed owners of real estate, and requires him to assess the property to them, as it was held, and according to its value, on the twentieth day of May.

The seventh section of the act of 1854, (*Nix. Dig.* 855,\*) provides that notwithstanding any mistake in the name or names, or omission to name the real owner, the assessment shall be valid. But, in my opinion, it does not go the length of declaring that an entire omission of any owner's name shall not invalidate, nor is such the proper meaning of the phrase, " omission to name the real owner." If the name of the owner is mistaken, or a wrong owner is substituted for the real owner, in good faith, the assessment is good; but the law imperatively requires an assessment in the name of the owner. Nor is this a distinction without a difference. It is the intention of the law that the person or persons who owned the real estate on the day when by law the assessment is to commence, shall be made personally responsible for the tax, and the omission to make a *bona fide* attempt to do this, impairs the substantial rights of the plaintiffs in *certiorari*, and entitles them to have this tax set aside.

CITED in *State, Orange and Newark H. R. R. Co.*, pros., v. *Newark*, 5 *Vr.* 82; *State, Poulson*, pros., v. *Matthews*, 11 *Vr.* 269; *Dows* v. *Drew*, 12 *C. E. Gr.* 443.