[L. A. No. 2887. In Bank.—December 5, 1912.]

H. G. HENDERSON, Administrator of the Estate of John J. Davies, Deceased, Respondent, v. J. G. DE TURK, Appellant.

TAXATION—DEED TO STATE—ERRONEOUS RECITAL OF NAME OF PERSON ASSESSED—INVALIDITY OF DEED—IDEM SONANS.—Where the name of the person assessed appeared on the assessment-roll as "E. W. Davis," a recital in the deed to the state that the name of such person was "E. W. Davies," renders the deed void, and it cannot be validated by applying the rule of *idem sonans.*

ID.—NAME APPEARING ON ASSESSMENT-ROLL MUST BE RECITED.—The provision of section 3785 of the Political Code that the deed to the state based on a sale for delinquent taxes must recite the

"name of the person assessed," requires the recital of the name of the person assessed as it appears on the assessment-roll. A failure to observe such requirement renders the deed void, and is not remedied or cured by either section 3807 or 3628 of that code. Neither of those sections purports to apply to the deed made to the state in pursuance of a delinquent tax-sale.

ID.—TAX DEED AS EVIDENCE OF REGULARITY OF TAX PROCEEDINGS.—Section 3787 of the Political Code makes such a tax deed evidence of the regularity of such proceedings as are named therein only when it is a deed conforming to the requirements of the law.

ID.—RULE OF CONSTRUCTION OF TAX DEEDS IS ONE OF PROPERTY.—It has been uniformly held in this state that a tax deed which misrecites or omits to recite any one of the facts required by the statute to be recited has no effect at all as a conveyance. The theory is that it is competent for the legislature to prescribe the form of instrument which, as the result of a proceeding *in invitum* can alone divest the citizen of his title, and that where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise. This rule has become one of property from which the courts should not depart.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

Carter, Kirby & Henderson, for Respondent.

THE COURT.—Appeal from a judgment in favor of plaintiff and an order denying motion for new trial in an action to quiet title to certain real property in Los Angeles County.

Defendant claims solely under a deed from the state based on a sale and alleged deed to the state on account of delinquent taxes. The deed to the state recited the name of the person assessed as "E. W. Davies," while the assessment was to "E. W. Davis."

The law in force both at the time of the sale and the time of the execution of the deed, provided that the deed to the state must recite, among other things, "the name of the per-

son assessed." (Pol. Code, sec. 3785.) This means, of course, the name of the person assessed *as it appears upon the assessment-roll*. It has uniformly been held in this state that a tax deed which misrecites or omits to recite any one of the facts required by the statute to be recited has no effect at all as a conveyance, the theory being that it is competent for the legislature to prescribe the form of instrument which, as the result of a proceeding *in invitum* can alone divest the citizen of his title, and that where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise. (See *Baird* v. *Monroe,* 150 Cal. 560, 564, [89 Pac. 352] and cases there cited.) The particular point here involved was decided in *Grimm* v. *O'Connell,* 54 Cal. 522, where the assessment was to "Charles Grimm," and the tax deed recited that the property was assessed to "Charles Grimm and all owners or claimants known or unknown." It was held, upon the theory above stated, that the deed was void because it failed to correctly recite the name of the person assessed. There are other decisions holding that any such deed is void when it misrecites or omits to recite any one of the facts required by statute to be recited therein, and there is no decision laying down a different rule. As is substantially said in respondent's petition for a rehearing, these decisions constitute a rule of property from which the court should not depart.

The deed cannot be held valid by applying the rule of *idem sonans,* if we are to adhere to the ruling in *Emeric* v. *Alvarado,* 90 Cal. 444, 465, [27 Pac. 356]. There the assessment was to "Castero," while the owner's name was "Castro." The court said: "It is not a case to which the rule of *idem sonans* applies. Tax proceedings are *in invitum,* and, to be valid, must closely follow the statute, and *idem sonans* applies to cases of pleas of misnomer and issues of identity, where the question is whether the change of letters alters the sound —not to assessments and other cases of description, where the written name is material. 'Different letters will make different names, though the sound be the same.' The deed to Pollard described the land sold as having been assessed to 'Castro' and does not purport to be made in pursuance of

an assessment to 'Castero.' '' While there is a diversity of opinion in other jurisdictions on this point, we think this ruling should be followed in this state.

The failure of the deed to the state to recite correctly the name of the party assessed is not remedied or cured by either section 3807 or 3628 of the Political Code. Section 3628 refers only to the *"assessment."* Under it, an ''assessment'' is not rendered invalid by reason of a mistake in the name of the owner. Section 3807 of the Political Code, provides: ''When land is sold for taxes correctly imposed as the property of a particular person, no misnomer of the owner, or supposed owner, or other mistake relating to the ownership thereof, affects the sale, or renders it void or voidable.'' This section has existed in its present form ever since the codes were adopted in 1872, and was the law when the deed involved in *Grimm* v. *O'Connell,* 54 Cal. 522, was held invalid. It was cited in the argument in that case. It does not purport to apply to the *deed* made in pursuance of the sale and, as the law now stands, five years thereafter in the event that no redemption has been had, and cannot be held to dispense with the requirement that the deed shall correctly recite the name of the person to whom the property was assessed, as a condition to its validity. Until a valid deed is made to the state, the state cannot sell the property to another (Pol. Code, sec. 3897), and the owner has the right to redeem at any time prior to a valid sale *by the state.* (Pol. Code, sec. 3780.)

Section 3787 of the Political Code, makes such a tax deed evidence of regularity of such proceedings as are named therein only when it is a deed conforming to the requirements of the law.

The learned judge of the trial court did not err in holding that the deed was invalid.

The judgment and order denying a new trial are affirmed.