[Civ. No. 6757. First Appellate District, Division One.—September 16, 1929.]

W. T. CARTER, Appellant, v. JOSEPH L. CHEVALIER et al., Respondents.

Strother P. Walton for Appellant.

J. P. Bernhard and Frank Kauke for Respondents.

THE COURT.—This action was brought by plaintiff for the purpose of quieting his title to a certain tract of land situated in Fresno County, the title claimed by plaintiff being based on a deed from the tax collector of Fresno County, dated June 25, 1927.

In the year 1896 the defendant Joseph L. Chevalier became the owner of the real property in controversy and each year thereafter paid the taxes assessed thereon save and except the second installment of taxes for the fiscal year 1921–1922, which was overlooked and thereafter became delinquent. Had the defendants been permitted to redeem from such delinquent taxes at the time plaintiff brought this action, the amount required for such redemption would

have been, or was, $41.25, and that amount or such other amount as the court might find to be the required sum the defendants offered to pay to plaintiff. The plaintiff offered no proof of his title other than the tax collector's deed, claiming that the deed was made pursuant to and in the form prescribed by section 3785b of the Political Code and that no other proof was necessary to establish his title.

The deed from the tax collector to appellant recites: "This indenture, made the 25th day of June, 1927, between Ray W. Baker, Tax Collector of the County of Fresno, State of California, first party, and W. T. Carter, Fresno County, second party, witnesseth: That Whereas, the real property hereinafter described was duly assessed for taxation in the year 1921, to J. L. Chevalier (stating name as on assessment roll) and was thereafter on the 19th day of June, 1922, duly sold to State of California by Ray W. Baker, Tax Collector of said County of Fresno, for non-payment of delinquent taxes which had been legally levied in said year 1921, and were a lien on said real property, the total amount for which the same was sold being Twenty-Three & 01/100 Dollars ($23.01). And Whereas, All taxes levied and assessed against said property prior to the year 1927 have been paid and discharged. Now, Therefore, The said first party in consideration of the premises, and in pursuance of the statute in such case made and provided does hereby grant to said second party that certain real property in the County of Fresno, State of California, more particularly described as follows, to wit: National Col. E ½ of Lot 30 (less 2 acs. for Dry Creek and Roads), Sec. 23, Twp. 13, Rg. 20; 8 acres. In witness whereof etc."

Section 3771a of the Political Code provides that "all property which has not been redeemed from the sale to the state or the sale thereon cancelled shall be sold by the tax collector at public auction to the highest bidder for cash," and section 3785b provides: "When property has been sold to a purchaser at delinquent tax sale, other than the State of California, in pursuance of section 3771 of the code, the tax collector shall forthwith execute a deed to such purchaser." In other words, when property has been sold to the state for delinquent taxes and has not been redeemed within the time prescribed it shall, after the requisite notice has been given, be sold at public auction to the highest

bidder, to whom a deed shall be made by the tax collector. ■ From the deed in evidence and on which plaintiff relies solely to establish his title it appears that on June 19, 1922, the property was sold by the tax collector to the state of California for the delinquent taxes which had been legally levied in the year 1921, but it does not appear that ever at any time the property was sold by the tax collector at public auction to the plaintiff. While under section 3786 of the Political Code a deed in substance and form as set forth in section 3785b is made primary evidence that "at a proper time and place the property was sold as prescribed by law and by the proper officer," it nowhere appearing in the deed that the property was sold to the plaintiff, the execution of the deed is not primary evidence that the plaintiff, as grantee in the deed, was the purchaser at the sale.

■ The deed form set out in section 3785b, in which section it is provided that the deed shall be in substance and may be in the form prescribed, is a form to be used "when property has been sold to a purchaser at delinquent tax sale, *other than the state of California,*" and therefore should recite the fact, if it be a fact, that the property was "duly sold to" *the purchaser at the sale* and not "duly sold to State of California," as is set forth in the deed here. ■ At common law a tax deed does not *ipso facto* transfer the title of the owner as in grants from the government or in deeds between individuals, but its operative character depends upon the regularity of the anterior proceedings, and no presumption arises upon the mere production of the deed that the facts upon which it is based had any existence (*Buck* v. *Canty,* 162 Cal. 226 [121 Pac. 924]; *Miller* v. *Miller,* 96 Cal. 376 [31 Am. St. Rep. 229, 31 Pac. 247]). ■ In the absence of statute it is necessary that one claiming under a tax deed show affirmatively that all the requirements of the law have been complied with (*Emeric* v. *Alvarado,* 90 Cal. 444 [27 Pac. 356]), and this rule is relaxed only to the extent that the statute relaxes it. ■ A statute which divests the title to real estate ought to be strictly construed and every requisite having a semblance of benefit to the person whose title is sought to be divested should be strictly complied with

(*Atkins* v. *Kinnan*, 20 Wend. (N. Y.) 241 [32 Am. Dec. 534]; *Grimm* v. *O'Connell*, 54 Cal. 522).

In the case of *Bussenius* v. *Warden*, 71 Cal. App. 717 [236 Pac. 371], the respondent claimed that the tax deed was void on its face because it failed to state a fact required by the statute to be stated in a deed of the kind in question. Section 3785b of the Political Code then as now contained the recital among other things that the property "was duly assessed for taxation," but the deed omitted the words "for taxation" and contained the following: "That whereas, the real property hereinafter described was duly assessed in the year 1914." In that case it is stated: "We think that the deed was not legally sufficient to transfer title. 'It has uniformly been held in this state that a tax deed which misrecites or omits to recite any one of the facts required by the statute to be recited has no effect at all as a conveyance, the theory being that it is competent for the legislature to prescribe the form of instrument which, as the result of a proceeding *in invitum* can alone divest the citizen of his title, and that where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, and it is not for the courts to inquire whether the required recitals are of material facts or otherwise' (*Henderson* v. *De Turk*, 164 Cal. 296 [128 Pac. 747]). While it is true that under section 3785b the 'form' need not be absolutely that prescribed in the statute, the prescribed facts must be stated in the deed. Property may be 'assessed' for purposes other than taxation. Therefore a·recital that the property has been 'assessed' is not equivalent to a statement that it was assessed for taxation." ■ There are numerous decisions holding tax deeds void when they omit to recite any one of the facts required to be recited, and there are no decisions laying down a different rule. These decisions constitute a rule of property from which the court should not depart (*Henderson* v. *De Turk*, 164 Cal. 296 [128 Pac. 747]).

■ Section 3785b setting forth the substance and the form in which a deed may be executed when property is sold at tax sale to a purchaser *other than the state*, and section 3771a requiring as a prerequisite to a conveyance that the property "shall be sold by the Tax Collector at public auction to the highest bidder for cash in lawful money of

the United States," the tax deed to be primary evidence should recite the fact, if it be a fact, that the property was sold to the person named as grantee in such tax deed. Not having done so, under the authority of *Bussenius* v. *Warden, supra,* which is analogous in principle to the question here presented, it must be held that the tax deed is not legally sufficient to transfer title.

The conclusion reached renders unnecessary discussion of the point raised as to the sufficiency of the "*Addenda Notice*" or reference to the authorities cited by appellant, as they do not deal with the question here considered.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 16, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1929.

All the Justices concurred.