[Civ. No. 7085. Third Dist. Dec. 26, 1944.]

GUSTINE CITY, Respondent, v. MARIA DO ROSARIO SILVEIRA, Appellant.

Hawkins & Hawkins, J. W. Hawkins and J. Lee Robertson for Appellant.

C. R. Perrier for Respondent.

PEEK, J.—This is an appeal by the defendant from a decree of foreclosure of certain street assessment liens.

The evidence introduced was almost wholly documentary, and in the main undisputed. During the latter part of the year 1920 the respondent, a municipal corporation, initiated proceedings under the provisions of the Improvement Act of 1911 (Stats. 1911, p. 730 as amended; Deering's Gen. Laws, 1937, Act 8199). In accordance with the provisions of section 3 thereof, a resolution of intention was adopted by the board of trustees and duly published. A notice of improvement as specified in section 5 of said act was posted along the streets to be affected. The notice stated that the resolution of

intention was passed on September 27, 1920; described the area to be improved, the type of improvement to be made and made reference to the original resolution on file in the office of the city clerk for further particulars. In the body of the notice it stated that on "Wednesday, the 13th day of October at 7:30 o'clock P.M. . . ." any person having objection might appear before the board to show cause why the work should not be carried out. The notice was dated October 1, 1920, and was signed by the superintendent of streets.

No protests being filed in accordance with said notice the respondent, under the provisions of the Bond Act of 1915, issued serial bonds, the last installment of which matured on July 2, 1937. The money in the trust fund proved insufficient to meet the payments of principal and interest of the bonds when the same fell due, and the city levied a tax of ten cents on each on one hundred dollar valuation of property in accordance with the provision of section 12, paragraph 2 of the 1915 act. The tax so levied was against all property holders within said city, including appellant, and was paid by her without protest. Notices of the amounts of the assessments were mailed to appellant and all other property owners. None of the assessments against appellant's property were paid, and on November 2, 1936, all became due and unpaid. On October 21, 1940, the city council instructed the city attorney to institute foreclosure proceedings of the lien created by the assessment against plaintiff's property, and on October 31, 1940, the present action was filed. All of the proceedings up to that time had been carried in the name of the City of Gustine, a municipal corporation. However, respondent's true corporate name was and is Gustine City, a municipal corporation, and it is in the latter name that the present proceeding has been prosecuted. A hearing was had on July 2, 1943, and judgment in favor of respondent was filed March 8, 1944. From that judgment defendant has appealed.

By her first contention appellant urges that the respondent did not acquire jurisdiction to proceed with the improvement in that it failed to strictly follow the requirements of the 1911 act as amended, chapter 741, Statutes of 1915, in particular section 3, which provides that before ordering any work or improvement the city council shall pass a resolution of intention which, among other things therein enumerated, "shall contain also a notice of the day, hour and place when and where any and all persons having any objections to the pro-

posed work or improvement may appear before the legislative body and show cause why said proposed improvement should not be carried out . . .," and section 5, which prescribes that notices of the resolution shall be posted along the line of the proposed work and which specifies that the notices "shall contain also a statement of the day, hour and place . . ." for hearing of protest as provided in section 3. The basis for appellant's argument in this regard is that as this is an assessment proceeding, the ultimate result of which is to divest appellant of her title in the property, it therefore is a proceeding *in invitum,* and to be valid must comply strictly with all of the requirements of the statute. It is then urged that as the reference contained in the body of the notice referred only to *Wednesday the 13th day of October, at 7:30 o'clock P.M.* it was fatally defective, as the numerals "1920" were omitted. In support of such argument it is contended that as there were at least two Wednesdays which occurred on the 13th day of October subsequent to the date in question, one being on the 13th day of October, 1937, and the other on the 13th day of October, 1943, that therefore it could not be ascertained which date was meant.

We are entirely in accord with respondent's first statement that such proceedings are *in invitum,* and according to the well established rule must be strictly construed against the taxing body and in favor of the property owner. But we are inclined to the belief that to carry the rule of literal compliance with the statute to the extreme urged by appellant is to advocate an absurdity. Except as previously mentioned, the record discloses no evidence, nor does appellant contend, that the omission of the figures "1920" affected in the slightest degree her knowledge that the work was to be done upon property owned by her, or that by such omission she had no knowledge of the time or place where she might appear and file objections to such work. Her argument in this regard is predicated upon the sole ground that as the figures "1920" were omitted, the city council did not strictly comply with the statute, and therefore it did not have jurisdiction to proceed with the improvements. The cases cited by appellant are readily distinguishable from the instant case in that they either relate to the sufficiency of recitals in tax deeds (*Carter* v. *Chevalier,* 100 Cal.App. 567 [280 P. 706]), the priorities of tax or assessment liens (*Woodill & Hulse Elec. Co.* v. *Young,* 180 Cal. 667 [182 P. 422, 5 A.L.R. 1296]),

or the rule of strict construction in relation to the levying of inheritance taxes (*Estate of Potter*, 188 Cal. 55 [204 P. 826], and *McDougald* v. *Boyd*, 172 Cal. 753 [159 P. 168]). None of the cases so cited involves questions of notice, or of the sufficiency thereof, as applied to a situation comparable to that now before this court.

At the outset we do not place upon the wording "day, hour and place," the construction imparted to it by appellant. Surely the word "day" as used therein refers to the day of the week. The word "hour" can refer only to the hour of the day, and the word "place" can refer to nothing other than the place where objections could be made. If the rule of strict compliance is to be followed it must be admitted that nowhere in the sections relied upon by defendant is it required that the *year* in which such hearing is noticed shall be set forth. Obviously, under the general rule applicable to such proceedings, if to confer jurisdiction upon the taxing body any statement is expressly required by the statute conferring such authority, and such statement is entirely omitted, no jurisdiction to proceed has been acquired, and the legal effect is the same as though no notice at all had been given. But such cannot be said of the present situation.

Even if it be assumed that the numerals "1920" were necessary to the validity of the proceedings, it cannot be said that there has been an entire omission of a statutory requirement. At most it was but a clerical error. The original resolution of intention was the only source of information to be used in the body of the notice to be posted, and that resolution contained the figures "*1920*." Under such facts the error could have occurred only in transposing portions of the resolution of intention to the notice of improvement to be posted. It would seem, therefore, that under such circumstances a court might properly determine whether there has or has not been a satisfactory compliance with the statute. As stated in the case of *Beck* v. *Ransome-Crummey Co.*, 42 Cal.App. 674, 682 [184 P. 431] :

"This judgment of what is a substantial compliance with the statute is to be exercised in the first instance by the trial court. If the case is one where a requirement of the statute has not been entirely disregarded, its determination of the question of substantial compliance ought to be controlling in the absence of an abuse of discretion. . . ."

Turning then to the record before us the trial court found

in its second finding, that the board of trustees of respondent city, in conformity with the requirements of the 1911 act, passed a resolution of intention, published the same and posted it in the manner provided in said act; that the omission of the figures ''1920'' in the notice was not misleading, and that the defendant could have acquired information regarding the year by referring to the original resolution of intention on file with the clerk of said city. This finding finds amplification by an extensive memorandum opinion filed by the trial judge wherein he stated that in determining whether or not the posted notice under attack was sufficient to inform a property owner of the day, hour and place of the meeting, the entire notice should be taken into consideration, and as the notice first recited that the resolution was passed on September 27, *1920*, and that it was posted on October 1, 1920, ''no person of ordinary intelligence could reasonably understand that the meeting was to be held in any other year than the year 1920.'' We are in accord with these findings, for as already stated, to sustain appellant's contention in this regard and to hold otherwise, would be to adopt an absurd construction of the statute.

 Appellant admits the assessments in question were not paid by her but next contends that as the bonds were paid by the city, the lien created by such assessment was therefore extinguished. The end result of such contention would be that appellant could properly demand the return of her property from respondent free and clear of any assessment lien. That such is not the law is well illustrated by numerous citations beginning with *Weber* v. *City of San Francisco* (1851), 1 Cal. 455. (See, also, *Stege* v. *City of Richmond* (1924), 194 Cal. 305, 319 [228 P. 461].) Appellant by her argument in this regard has apparently confused the payment of the bonds by the city to the bondholders with the debt owing to the city by the appellant. The payment by the city of the bonds as they matured could not be considered as a payment of the assessments by appellant to respondent, thereby releasing the assessment lien upon appellant's property. The two obligations are separate and distinct.

 In further support of such contention it is the apparent argument of the defendant that the respondent city had three alternatives: First, under section 12 of the 1915 act [Stats. 1915, p. 1441 as amended; Deering's Gen. Laws, 1937, Act 8209], to sell the property under a tax sale; secondly,

under section 16 of the same act, to levy a special tax, or thirdly, under section 11, subsection (c) of the 1915 act, as amended, to bring foreclosure proceedings; but as the city had previously exercised one of such alternatives and levied a special tax in addition to paying off the bonds, it lost its right to foreclose.

An answer to defendant's argument is found in the case of *Hammond* v. *City of Burbank* (1936), 6 Cal.2d 646, 660 [59 P.2d 495], wherein the court stated:

"The remedy of foreclosure, in our opinion, is not an alternative but a cumulative remedy, and is a remedy given to aid the city, not the bondholders."

It is also provided in part in section 11(c) of the 1915 act as follows:

". . . as a cumulative remedy, the same [past due assessments] when due and delinquent may by order of the council be collected by suit brought in the superior court to foreclose the lien thereof."

Appellant further alleges that respondent's action is barred by the lapse of time. The record discloses that the last installment owing by appellant to respondent was past due and delinquent on November 2, 1936, and that respondent's foreclosure action was filed on October 31, 1940. In support of her contention in this regard appellant relies upon section 329 of the Code of Civil Procedure, which reads:

"An action for the foreclosure of a lien securing an assessment against real property for street improvements, the proceedings for which are prescribed by legislation of any political unit other than the State, may, when such assessment is made payable in installments pursuant to a bond or other written agreement executed pursuant to such legislation, be commenced at any time within two years after the date when the last of such installments becomes due." (Added by Statutes 1933, p. 2291.)

Respondent, however, replies that the present action is controlled by the quoted portion of subsection (c) of section 11 of the 1915 act and the further provision set forth in subsection (d) thereof, which in part is as follows:

"Such action shall be brought in the name of the city and may be brought at any time prior to the expiration of four (4) years subsequent to the date of delinquency of the last installment due or to become due thereunder."

If appellant be correct then obviously the statute has run against respondent's action. On the other hand if respondent's contention is proper, then its foreclosure action was filed two days before the statute would have run. While it is true that section 329 of the Code of Civil Procedure is the latest valid expression by the Legislature upon this subject, nevertheless said section cannot be said to apply to the present situation in that it covers only the foreclosure of liens securing assessments, ''the proceedings for which are prescribed by legislation of any political unit other than the state.'' It must be admitted that in the present case the proceedings for street improvement were prescribed solely by the state under the Improvement Act of 1911 and the Bond Act of 1915, and therefore subsections (c) and (d) of section 11 of the 1915 act must govern.

We likewise find no merit in defendant's final contention. The foreclosure action herein was filed in respondent's true corporate name, Gustine City. The improvement proceedings, however, were all in the name of the City of Gustine. Appellant does not contend, nor could she, that respondent is not the true party in interest. Admittedly the action was entitled correctly. The fact that respondent mistakenly was known and referred to as the City of Gustine in the improvement proceedings surely did not confuse or mislead appellant to her detriment. (See 13 Am.Jur. 270, and 6A. Cal.Jur. 260, 261.)

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1945. Carter, J., voted for a hearing.