[L. A. No. 1024. Department One.—October 11, 1902.]

# COUNTY OF SANTA BARBARA, Appellant, v. SAVINGS AND LOAN SOCIETY et al., Respondents.

TAXATION—SALE OF LAND TO STATE—COUNTY NOT AUTHORIZED TO SUE—RIGHT OF REDEMPTION.—The state has assumed the burden of delinquent taxes upon land by becoming purchaser thereof; and a county is not authorized to institute a suit for the collection of delinquent taxes upon real property in any case. The right of the taxpayer to redeem his property from the state within five years cannot be cut off or limited by any action on the part of the county.

APPEAL from a judgment of the Superior Court of Santa Barbara County. B. T. Williams, Judge presiding.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and E. W. Squires, District Attorney, for Appellant.

Canfield & Starbuck, and Sidney J. Parsons, for Respondents.

. THE COURT.—Said defendant is a corporation doing business in the county of Santa Barbara. The other defendants are the First National Bank of Santa Barbara, a corporation, J. W. Calkins, William H. Crocker, and R. B. Canfield.

This action was brought by the county of Santa Barbara to recover certain state, county, road, and school taxes levied upon a mortgage interest of said Savings and Loan Society, one of the defendants, in a tract of land situate in said county, known as part of the Rancho Corral de Quati. The taxes sought to be recovered are the second installment of school taxes of certain school districts for the fiscal year 1896, and the entire state, county, road, and school taxes for the years 1897 and 1898.

Demurrers of the several defendants were sustained to the original complaint, which was afterwards amended, and said demurrers being sustained to the amended complaint, and the plaintiff declining to further amend, judgment was rendered for the defendants, and plaintiff appeals.

The demurrers of the First National Bank and of Canfield are general. Crocker's demurrer is general, and also that plaintiff has not legal capacity to sue. The demurrers of the Savings and Loan Society and of Calkins are general, also that plaintiff has not legal capacity to sue, and that the complaint is uncertain, and that it is ambiguous in certain specified particulars.

Section 3764 of the Political Code requires the tax-collector to publish the delinquent list on or before June 5th, each year, and section 3765 requires that he append thereto a notice that unless the taxes delinquent are paid, together with the costs and penalties, the real property upon which such taxes are a lien will be sold. Section 3767 requires that the publication must designate the day and hour when the property will, "by operation of law, be sold to the state," the place of sale being the tax-collector's office.

By section 3771 of the same code it is provided, in substance, that on the day and hour fixed for the sale the property delinquent "shall by operation of law and the declaration of the tax-collector be sold to the state," and he shall make an entry opposite the tax, "Sold to the state," and he shall be credited with the amount thereof in his settlement; provided, that on the day of the sale the owner or person in possession may pay the taxes, penalties, and costs due thereon, "and provided, further, that when the original tax amounts to the sum of three hundred dollars or more upon any piece of property or assessment delinquent, the *state may bring suit* against the owner of said property for the collection of said tax or taxes, penalties, and costs, as provided in section 3899" of said code, which provides, in effect, that after the delinquent list is placed in the hands of the tax-collector the controller may direct the tax-collector not to sell any property on said list where the amount of the tax is three hundred dollars or more, and directing him to make out and deliver to the controller a certified copy of the entries on the delinquent list relative to such tax, and the controller shall thereupon direct the attorney-general to bring suit in the name of the people of the state of California to enforce such collection. Where such direction is not given by the controller, the tax-collector must immediately upon the completion of the sale transmit to the controller a report showing in detail each sale wherein the state became such purchaser.

(Pol. Code, sec. 3772.) Sections 3776 and 3777 require the tax-collector to make out a certificate of delinquent tax sale for each piece or tract sold, that it was sold to the state, and giving the amount and year of the sale, and when the state will be entitled to a deed, such certificates to be regularly numbered and the book filed in the office of the county recorder. Section 3780 provides that a redemption of the property sold may be made by the owner or any party in interest within five years from the date of the purchase by the state, or at any time prior to the entry or sale of said land, in the manner applicable "to other state lands of like character." The following section provides how redemption must be made, and section 3785 provides that if the property is not redeemed within the time required by law the tax-collector or his successor in office must make the state a deed of the property, reciting, among other things, the amount and year of assessment, and the time when the preferred right to purchase will expire, and that no person has redeemed.

Section 3897 provides: "Whenever the state shall become the owner of any property sold for taxes, and the deed to the state has been filed with the controller as provided in section 3785, the controller may thereupon, by a written authorization, direct the tax-collector of the county, or city and county, to sell the property, or any part thereof as in his judgment he shall deem advisable, in the manner following [prescribing notices to be given, that the sale shall be at public auction, etc.] ; but no bid shall be received or accepted at such sale for less than the amount of all the taxes levied upon such property, and all interests, costs, and expenses up to the date of such sale."

It will be seen by reference to the foregoing provisions of the Political Code that the taxpayer may have five years in which to redeem his property; that the tax-collector is required to sell delinquent property to the state. Such sale vests an equitable title in the state, and at the expiration of five years, if the property is not redeemed in the mean time, the deed of the tax-collector to the state vests in it the legal title, and the controller may then direct the tax-collector to sell at public auction, to the highest bidder, at a sum not less than all the delinquent taxes, penalties, and interest. It will be

observed that when the delinquent list is delivered to the tax-collector and he has given the required notice and has sold to the state, he is "credited" with the amount of delinquent taxes for which the sale is made to the state, and upon a voluntary redemption by the taxpayer, or by the sale of the property after conveyance to the state (which cannot be for less than the whole amount of taxes, interest, and penalties then due), the state is paid the amount credited to the tax-collector upon his sale to the state. The only case we find in which the taxpayer may be sued is where the tax is three hundred dollars or more, and the controller has directed the tax-collector not to sell, in which case he may direct the attorney-general to sue; but we find no provision of the code directing or authorizing the county to sue for the collection of any tax upon property which has been sold to the state for a tax assessed upon it. Section 3897 of the Political Code, above cited, provides for the sale of such property by the tax-collector under the written authorization of the controller. (See said section as amended—Stats. 1895, p. 338.) But we find no authority for the county to sue in any case. Besides, section 3780 of the Political Code authorizes the taxpayer to redeem the property sold to the state at any time within five years. Appellant's contention would destroy this right of the taxpayer, and limit his right of redemption at the pleasure of the county. Not only so, but the sale by the tax-collector is not to the county, nor to an individual, but to the state; and the state has not authorized or directed the county to sue for the protection of its rights, or the sale or other disposition of its property. The act of 1880 (General Laws of California, p. 1216), cited by appellant, has no application to this case, and it is not necessary to determine whether it has been repealed by implication, nor whether it applies to any case under the provisions of the present statute. Nor need we consider cases arising under statutes which have been superseded or repealed by the amendments of 1895. It is sufficient to say that the state has assumed the burden of delinquent taxes by becoming the purchaser, and the protection of its interests has not been confided to the board of supervisors or the district attorney of the county.

The judgment appealed from is affirmed.