[Civ. No. 208.   Second Appellate District.—April 27, 1906.]

ROSANA W. COOPER et al., Executors, etc., Appellants, v. JOHN D. BURCH et al., Defendants; GEORGE B. PATTON, Respondent.

SEPARATE ACTION UPON NOTE SECURED BY MORTGAGE—RELEASES AND SATISFACTION BY MORTGAGEE—AGREEMENT WITH OTHER MAKERS—NONSUIT.—In a separate action by the executors of a deceased payee of a note against one of the makers, where it appears that the note was secured by mortgage of even date, and that the mortgagee, without the knowledge or concurrence of the defendant, had from time to time executed releases and satisfaction of the mortgage upon lots sold, until the amounts acknowledged to have been received by the mortgagee were sufficient to satisfy the note and mortgage, but that by arrangement with the other makers, unknown to defendant, it was agreed that the money was not actually received by the mortgagee, a nonsuit was properly granted. The case is peculiarly appropriate for the application of the rule that a separate action cannot be maintained upon a note secured by mortgagee.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.   J. W. Taggart, Judge presiding.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellants.

George B. Patton, E. Edgar Galbreth, and D. Allen, for Respondent.

THE COURT.—The suit was brought on the promissory note of the three defendants, set out in the complaint, pur-

porting to have been executed by defendant Patton, by Boal, his attorney. Judgment was entered against the defendants Burch and Boal, on default, and against the defendant, Patton, on his subsequent appearance and answer. A new trial was granted, and was affirmed by the supreme court on appeal (*Cooper* v. *Burch*, 140 Cal. 548, [74 Pac. 37]), and on another trial the plaintiffs were nonsuited. Under the decision of the former appeal, the only questions now before us relate to the defendant Patton's "liability on the obligation upon which the judgment was recovered." (Code Civ. Proc., sec. 992.) This liability is denied by him on the ground, among others, that the power of attorney under which Boal acted did not authorize him to execute the note; and this, we think, was the case. But it is claimed by the appellants that Patton was notified of the making of the note a few days after its date; and that having failed to repudiate the same, or to make any objections thereto, the action of his agent is to be regarded as having been ratified by him, or at least, that he is estopped to deny the due execution of the note; and, for the purposes of the decision, it may be assumed that such is the case. But it appears from the answer of the defendant Patton, and the evidence offered by the plaintiffs, that the note was secured by a mortgage of the same date, executed by the same parties, and that, without the concurrence or the knowledge of the defendant Patton, the plaintiffs from time to time executed satisfactions and releases of the mortgage as to lots as they were sold until the amounts acknowledged to have been received were sufficient to satisfy the note and mortgage. It, indeed, appears that under an arrangement with the defendants Burch and Boal, proposed by the plaintiff's testator, the money was not actually received by the latter; but there is no evidence in the record that the defendant Patton concurred in or knew anything about this arrangement.

Upon these facts, the nonsuit was rightly granted. The obligation of the defendant Patton was not to pay the amount of the note absolutely, but the balance remaining after the mortgage security was exhausted, only. The case is, therefore, peculiarly appropriate for the application of the rule, that a separate action cannot be maintained on a note secured by mortgage.

The judgment and order will be affirmed.

A petition to have the cause heard in the superior court, after judgment in the district court of appeal, was denied by the supreme court on June 25, 1906.