[Civ. No. 1098. Second Appellate District.—May 20, 1912.]

## WILLIAM CHAPMAN, Appellant, v. GEORGE ZOBELEIN, Respondent.

TAX TITLE ACQUIRED BY STATE—DEED TO HIGHEST BIDDER—LOSS OF RIGHT OF REDEMPTION.—Where property sold for taxes has been acquired by the state and no redemption has been made by the owner, the state has power to sell and convey the property to the highest bidder for cash, regardless of the amount that may have accrued against the property for taxes, penalties, interest and costs. The sale vests the equitable, and the deed to the state vests the legal, title therein. As against the state, the property owner has forfeited all rights in the property at the end of five years, except the privilege accorded by the statute of redeeming the same before the state actually enters, sells or disposes of it.

ID.—APPEAL IN ACTION TO QUIET TITLE OF FORMER OWNER AGAINST VENDEE OF STATE'S TITLE—CONSTITUTIONAL QUESTIONS.—It is held that as the supreme court has determined that no constitutional objection appears to the acquisition of the state's title, by the highest bidder for cash as against the former owner of the property who failed to redeem the same, this court will not, upon appeal from a judgment against the former owner in his action to quiet title as against the vendee of the state's title, pass upon constitutional questions raised by such former owner, as appellant, against such vendee as respondent, whatever view the higher courts may take of the matter.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

Edward F. Wehrle, for Respondent.

SHAW, J.—Action to quiet title. The complaint is in the usual form, alleging ownership in plaintiff. Defendant's title is based upon a tax sale to the state, followed by a deed to the state and a conveyance to him from the state.

All the points raised appear to have been determined adversely to appellant on a former appeal as herein entitled, reported in 152 Cal. 216, [92 Pac. 188].

As we understand appellant, he admits that all the proceedings whereby title to the property was vested in defendant were duly had and taken pursuant to the laws of California. His contention is that, conceding the lot was sold to the state for the delinquent tax of 1898 and no redemption thereof made within the time fixed therefor by law, by reason whereof the legal title to the lot was conveyed to the state, nevertheless the state had no power to sell and convey title to the entire lot for an amount in excess of that upon payment of which the owner of the lot was entitled to redeem the same before such sale made by the state. At the date of the sale to defendant the amount of the taxes, interest and penalties against the lot was $16.19. The state, however, in the manner provided by law, sold the entire lot for $166, and the sum of $149.81 in excess of the $16.19 accrued for taxes, interest and costs, and upon payment of which at any time before the sale plaintiff might have redeemed the lot (Pol. Code, sec. 3785a), was paid into the public treasury and the owner of the lot received no compensation for that part of his lot which it is claimed was unnecessary to be sold in order to collect the amount due on the property. Plaintiff alleged, and at the trial offered evidence tending to prove, that on the date of the sale made by the state to defendant the lot was reasonably worth $500, and that the witness would willingly have paid the $16.19, covering interest, penalties and taxes thereon, for a part thereof consisting of the easterly or northerly ten feet thereof, thus leaving the remainder of the lot to the owner. This evidence was excluded and the ruling is assigned as error. The points now presented are: (1) That the proceeding under which the owner of the lot was divested of title thereto and which resulted in a sale of the whole property for $166, when the proceeds from a sale of a less quantity would have sufficed to pay the amount of $16.19 due to the state, is unconstitutional by reason of being obnoxious to section 1 of article XIII of the constitution of the state of California, which provides that "all property in the state . . . shall be taxed in proportion to its value, to be ascertained as provided by law." (2) That the proceeding constituted a taking of plaintiff's property without due process of law, in violation of the fourteenth amendment to the constitution of the United States which provides that "no state shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person . . . of property without due process of law." (3) That the sale of the whole property to the person who would pay the largest sum of money therefor was in violation of that portion of the fourteenth amendment to the constitution of the United States which provides that no state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws; and likewise in violation of that portion of the fifth amendment to the constitution of the United States which provides that "no person shall . . . be deprived of . . . property without due process of law, nor shall private property be taken for public use without just compensation," and also in violation of the provision of section 14 of article I of the constitution of the state of California which provides that private property shall not be taken for public use without just compensation having been first made to or paid into court for the owner.

On the former appeal of this case, reported in 152 Cal., page 221, [92 Pac. 190], the supreme court said: "The question of the power of the state to provide that the sale of its title after the expiration of the redemption period of five years shall be made for the highest price offered, regardless of the amount that may have accrued against the property for taxes, penalties, interest and costs, was fully considered in the case of *Fox* v. *Wright*, 152 Cal. 60, [91 Pac. 1005], and it was there held that the state had such power." In the case of *Young* v. *Patterson*, 3 Cal. App. 471, [99 Pac. 553], this court said: "The sale vests the equitable, and the deed the legal, title of the land in the state. (*Santa Barbara* v. *Savings Soc.*, 137 Cal. 463, [70 Pac. 457].) As against the state the property owner at the end of five years has forfeited all rights in the property, except the privilege accorded him by the statute of redeeming it at any time before the state actually enters, sells, or disposes of it. (*Baird* v. *Monroe*, 150 Cal. 560, [89 Pac. 352].)" (Pol. Code, sec. 3785a.) In discussing the constitutionality of the statutory proceedings under consideration, the supreme court, in *Fox* v. *Wright*, 152 Cal. 60, [91 Pac. 1005], says: "We are unable to discover any constitutional objection which interposes and invalidates the state's title, and none has been pointed out. We are un-

able to see why the state may not obtain a title free·from all equities in the former owner ·at the expiration of five years as may a private citizen after foreclosure upon the mortgage when the period of redemption following such foreclosure has passed.''

Whatever conclusion the higher courts may reach in considering the matter, this court deems itself bound by the authorities cited, and it is therefore unnecessary to enter upon any extended discussion of the constitutional question presented by appellant. So holding, it follows there was no error in the ruling of the trial court in excluding the evidence offered.

The order appealed from is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1912.