[L. A. No. 13011.  In Bank.—March 22, 1933.]

SYLVESTER KIPP, Appellant, v. WILLIAM R. BILL-INGHAM et al., Defendants; ALFRED P. HANSEN, Respondent.

Virgil S. Kipp for Appellant.

Henry W. Hache and Westover & Miller for Respondent.

THOMPSON, J.—This appeal is from a judgment quieting title in respondent to one of several parcels of property to which appellant sought to establish his own title. It appears that respondent's ownership was based upon a tax deed, which appellant asserts is fatally defective for two reasons; first, because the notice of the sale to the state failed to designate the place where the sale would take place; second, because on June 28, 1924, the date of the sale to the state, there was no statute authorizing the tax collector to execute a deed to the individual purchaser.

The notice by the tax collector does not designate the place where the sale to the state will occur, but it does recite that unless the delinquent taxes are paid prior to the sale date, the lands "will by operation of law be sold to the state of California on Saturday, the 28th day of June, 1924, at 9:30 o'clock a. m.". Section 3767 of the Political Code reads as follows: "The publication must designate the day and hour when the property will, by operation of law, be sold to the state, which sale must not be less than twenty-one nor more than twenty-eight days from the time of the first publication, and the place shall be in the tax collector's office." It is immediately observed that the section does not require the place to be designated any more than it requires the notice to contain the statement that "the sale must not be less than twenty-one nor more than twenty-eight days from the time of the first publication". The tax collector would have no right or authority to designate any other place than that fixed by law. The purpose of the notice is to give the taxpayer an opportunity to pay his taxes before the title, by operation of law, passes from him. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234 [90 Pac. 936].) While we use an expression denoting that he is divested of title, it is not literally true where the deed is not to be issued until after five years have elapsed. It is said in *Santa Barbara* v. *Savings & Loan Soc.,* 137 Cal. 463 [70 Pac. 457] : "Such sale vests an equitable title in the state, and at the expiration of five years, if the property is not redeemed in the meantime, the deed of the tax collector to the state vests in it the legal title, and the controller may then direct the tax collector to sell at public auction, to the highest bidder, at a sum not less than all the delinquent taxes, penalties, and interest." There is no reason why the notice should specify the place where the sale to the state is to take place. Being advised of the time of sale, the law having fixed the place, the taxpayer is fully protected. Not only may he pay the delinquent assessment, at the tax collector's office at any time before the sale, but he has five years within which to redeem, before he is divested of legal title. Appellant relies upon the authority of *Hinds* v. *Clark,* 173 Cal. 49 [159 Pac. 153, 155], which involved an ordinance of the city of Bakersfield, requiring that "the publication must designate the day and hour when the property will, by operation of

law, be sold to the city . . . and the place shall be at the city hall''. Apparently following the argument presented by the briefs in that case, the court assumed the ordinance required the notice to state the place, and concluded that it could not be said, as a matter of law, that a notice designating the city hall as the place was insufficient. Nowhere in that case is there a determination that where the place is specifically fixed by law, as in the case at bar, it is necessary for the notice to restate that fact. Additionally it may be remarked that the designation of the ''City Hall'' is much more general than ''in the tax collector's office''. Appellant also relies upon *Numitor Gold Min. Co.* v. *Katzer,* 83 Cal. App. 161 [256 Pac. 464], and *Sawyer* v. *Berkeley Securities Co.,* 99 Cal. App. 545 [279 Pac. 217]. The first of these two cases involved a notice in which the time was not designated and where the notice of sale (required to be mailed to the person to whom the property was last assessed in case of a sale to the highest bidder) was not delivered. For three reasons, therefore, the case is not in point. First, it concerned a sale not to the state but to the highest bidder; second, the notice failed to specify the time, and, third, service was not had upon the person to whom the property was last assessed. The other case likewise misses the mark. There the notice of the sale to the state also failed to specify the time and the notice of sale to the highest bidder required to be mailed to the person to whom the property was last assessed was not mailed in time. General language therein, it is true, is quoted from 24 Cal. Jur., page 326. The quotation, however, is based upon the case of *Hinds* v. *Clark, supra,* which we have found to be beside the point. It should be remembered that there is every reason for a distinction between sales to the state and sales to the highest bidder at public auction.

Appellant's other contention is that, as the law stood in 1924, the year of the sale to the state, which law follows through all proceedings dependent upon that sale (see *Scott* v. *Beck,* 204 Cal. 78 [266 Pac. 951], and cases there cited), there was no provision in section 3785b of the Political Code for the execution of a deed to the purchaser. In this the appellant is in error. This section, in its material portions, read, in 1924, as follows: ''When property has been sold to a purchaser at delinquent tax sale,

other than the state of California, in pursuance of section 3771 of this code, the tax collector must forthwith execute a deed to such purchaser, or his assigns, conveying said property: provided no deed shall be delivered in any event until redemption has been made of such property and all taxes, penalties, interest and charges have been paid which may have been accrued by reason of any previous sale or delinquency.'' Section 3771a provides for the sale of property at public auction, which has been sold to the state and the full five years' period for redemption has passed prior to the notice of sale, as well as property sold to the state which has not been redeemed for a period of five years prior to the actual sale. (*Jacoby* v. *Wolff*, 198 Cal. 667 [247 Pac. 195].) Section 3771 provides solely for the sale of the property to the state, but prior to 1921, it included sales of property to the state by operation of law and sales of property to the highest bidder at public auction. In other words, in 1921, section 3771 was split into two pieces, the first being retained as section 3771 and the second, with some changes, being incorporated into section 3771a. Therefore, it is obvious that the reference to purchasers, other than the state of California, must have been intended to refer to those who purchased at public auction under section 3771a. It could not possibly refer to sales under section 3771. In other words, suppose that section 3785b had made no reference whatsoever to section 3771, then there would be no doubt that the sales therein referred to were those made pursuant to section 3771a subsequent to the amendment of 1921. When the legislative intent is clear we cannot ignore it or wrench the language from its plain meaning. The same result is to be reached by another method. If the words in section 3785b ''in pursuance of section 3771 of this code'' had reference to the deeds to be executed, then the entire section was meaningless and inoperative. If, however, agreeable to a rule of statutory construction that such interpretation shall be given as will be consistent with sound sense and render the statute operative, the words be construed as modifying the clause ''other than the state of California'', the plain legislative intent is preserved. There is nothing in the record to indicate that a deed to the state was executed. In fact, the contrary appears. The sale to the state occurred June 28, 1924. The sale to the respondent took

place June 29, 1929, notice thereof having been started June 6, 1929, some time prior to the expiration of the five-year period. In other words, the same procedure was followed as was pursued in *Jacoby* v. *Wolff, supra.* The attacks upon the deed are without foundation.

Judgment affirmed.

Shenk, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.