[Civ. No. 5884.  Third Appellate District.—July 21, 1938.]

ADELE DUCEY, Respondent, v. C. A. DAMBACHER, as County Auditor, etc., Appellant.

C. H. Grayson, District Attorney, for Appellant.

Rowan Hardin for Respondent.

PULLEN, P. J.—In this appeal an opinion was filed affirming the judgment, and upon our motion a rehearing was granted in order to give the question further consideration. Further study has again satisfied us that the judgment should be affirmed.

Plaintiff herein is and was at the times herein mentioned the owner of a tract of land in Tuolumne County. The assessment rolls of that county show delinquent unpaid taxes against the land for the years 1893, 1896 and 1897, and noted on the assessment rolls against the property was, "Sold to the State". No proceedings had been taken to sell the property at public auction and no deed had ever passed to the state. All other taxes had been paid against the property to 1931, and thereafter the taxes were delinquent for 1931, 1932, 1933, 1934 and 1935. Prior to December, 1936, plaintiff sought to redeem the property by paying the taxes, penalties and costs arising from the delinquencies for 1931 and succeeding years. Defendant, as auditor of the county

of Tuolumne, refused to accept this tender unless the taxes for 1893, 1896 and 1897 with costs and penalties were also paid. A writ of mandate was sought from the superior court to compel the auditor to accept the tender and to issue a certificate of redemption clearing the property of all of the delinquencies. The writ was duly issued, from which this appeal is taken.

Section 3771 of the Political Code then provided that if upon a specified day and hour the taxes together with penalties and costs assessed against the particular property had not been fully paid, then by operation of law and the declaration of the tax collector the same should be sold to the state, and the tax collector make an entry opposite each of such parcels, "Sold to the State".

At the time of the tender by respondent herein section 3716 of the Political Code read as follows:

"Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof; provided, that effective one year from the time this act takes effect, the lien of every tax whether now existing or hereafter attaching shall cease to exist for all purposes after thirty years from the time said tax became a lien;

"And provided further that effective one year from the time this act takes effect, every tax whether now existing or hereafter levied shall be conclusively presumed to have been paid after thirty years from the time the same became a lien, unless the property subject thereto has been sold in the manner provided by law for the payment of said tax."

The auditor contends that when in compliance with the provisions of the code he affixed the stamp "Sold to the State", such transaction constituted the sale referred to in section 3716 of the Political Code, *supra*.

Two questions appear to be here presented; first, what is meant by the expression in the first paragraph of section 3716 of the Political Code "or the property sold for the payment thereof", and the language found in the second paragraph in the same section, "unless the property subject thereto has been sold in the manner provided by law for the payment of

said tax'', and secondly, is the section unconstitutional because it grants specific immunity or credit unauthorized by law?

Considering the first problem, we find in *Crocker* v. *Scott,* 149 Cal. 575 [87 Pac. 102], that the sale by operation of law (sec. 3771, Pol. Code) has the effect of starting the commencement of the five-year period within which redemption can be effected, at the expiration of which a deed may be issued to the state. "During this period" as there held, "the legal title to the property continues in the taxpayer subject to the lien in favor of the state created by the assessment and levy''. It evidently therefore, is not a sale but is merely a book transaction to facilitate the adjustment of accounts between the tax collector and the auditor. ▮ That such procedure is not intended to be treated as the sale referred to in section 3716 of the Political Code, is further apparent from the argument addressed to the voters prior to the general election in 1932, explaining a proposed constitutional amendment now embodied in the Constitution known as section 31b, article IV, the purpose of which amendment was to ratify and validate the statute of limitations affecting taxes, found in section 3716 of the Political Code. This argument reads in part as follows:

"The 1931 legislature passed a bill which would have the effect of placing a statute of limitations on taxes. Conflicting legal opinion made it desirable to pass Assembly Constitutional Amendment Number Two, which if approved by the electorate of the State will make constitutional the 1931 act, or permit the legislature to pass a constitutional act in 1933.

"During the early history of the state, when land was held in large parcels and taxes were small, the levying and collection of taxes was carried on in many counties in a careless and haphazard manner. Old tax rolls show taxes as unpaid which were in fact paid, receipts have been found among old private papers showing this to be the case.

"The law passed by the legislature in effect simply provides that when the State for *thirty years has not exercised its right to sell the property for delinquent taxes,* and when the time allowed by law for the State to sue to collect taxes has long since expired, the lien of the tax shall be removed also.

"In some counties private persons have made contracts with the authorities under which they dig up and examine the old tax rolls, and receive fifty per cent of all the old taxes which they may find, and which the present owners are compelled or induced to pay in order to clear their property. It is obviously unfair to permit the State to wait until all the parties are dead and all private records lost, and then endeavor to enforce a lien for taxes with all the penalties.

"The Constitutional Amendment in no way affects the collection of present taxes. It does not apply to cases in which the State has sold property for non-payment of taxes. It merely gives the legislature power, if it sees fit, to provide by law that if the State or its political subdivisions do not collect taxes or sell property for their nonpayment within thirty years after the taxes are levied, the tax shall no longer be a lien upon the property."

That such explanation may be considered in determining the purpose and intent of an act and in construing its meaning is sanctioned in *Turlock Irr. Dist.* v. *White,* 186 Cal. 183 [198 Pac. 1060, 17 A. L. R. 72].

Our conclusion is in accord with an opinion given by the attorney-general after the amendment of section 3716 of the Political Code in 1931, wherein that officer stated in part as follows:

"The words 'or the property *sold* for the payment thereof' and the words 'unless the property subject thereto *has been sold in the manner provided by law for the payment* of said tax' refer, in my opinion, not to the automatic 'Sale to the State' provided for in section 3771 (Political Code), but to a sale by the State pursuant to the provisions of section 3771a, providing for a sale at public auction after the five year period of redemption has elapsed."

When property has been sold to the state as provided in section 3771a of the Political Code, such sale is for the payment of the taxes, and the deed to the state removes not only the tax for the year of sale on which the deed is based but all preexisting taxes. (*Conley* v. *Hawley,* 2 Cal. (2d) 23 [38 Pac. (2d) 408].) This latter case points out that under section 3787 of the Political Code the deed conveys to the state the absolute title to the property described therein, free of all encumbrance, except certain specified liens, and

also determines that the state holds the property in its proprietary capacity.

It would therefore appear that the sale referred to in section 3716 of the Political Code is the sale at public auction under section 3771a of the Political Code.

The second question presented, namely, that section 3716 of the Political Code is unconstitutional, seems to be settled by a consideration of section 31b of article IV of the Constitution, which expressly authorizes such a provision as a thirty-year limitation as found in section 3716 of the Political Code. This constitutional provision refers to property "sold in the manner provided by law for the payment of said tax" which, as previously pointed out, means a sale at public auction.

It would therefore appear that the lien for the taxes for the years 1893, 1896 and 1897 should be canceled in accordance with the provisions of section 3716 of the Political Code, the thirty years having elapsed and there having been no sale at public auction and no deed to the state since those taxes became a lien.

The judgment is affirmed.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1938. Langdon, J., voted for a hearing.