**UNITED STATES v. CERTAIN PARCELS OF LAND IN MIFFLIN TOWNSHIP, ALLEGHENY COUNTY, PA., et al.**

No. 1483.

District Court, W. D. Pennsylvania.

Oct. 27, 1942.

Seymour H. Weiss, of Duquesne, Pa., for petitioner.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for the Government.

Walter P. Smart, Co. Sol., and H. M. Montgomery, Asst. Co. Sol., both of Pittsburgh, Pa., for Allegheny County.

McVICAR, District Judge.

July 8, 1941, the United States condemned a tract of land in Mifflin Township, Allegheny County, Pennsylvania, designated as Parcel No. 108, which was owned by Pasquale Consiglio. The Government paid the agreed price of $350 into this court. At the time of taking of said land there were certain taxes designated in the stipulation filed herewith of the County of Allegheny, of Mifflin Township and of Mifflin Township School District which remained unpaid but which had lost their lien by failure to comply with the Act of Assembly of the Commonwealth of Pennsylvania. There were also certain taxes which had not lost their lien and which remained unpaid.

Pasquale Consiglio filed a petition in this court in which he prayed that the compensation agreed upon be paid to him, less the taxes which were liens, but without computing interest on said taxes from the date of the taking until the time of the payment thereof. Rules were granted upon the United States, the County of Allegheny, the Township of Mifflin and the Mifflin Township School District to show cause why the prayer of the aforesaid petition should not be granted.

The County of Allegheny contends that the taxes remaining unpaid and which have lost there lien should be paid from the aforesaid money. The petitioner and the United States contend that they should not be paid. The Act of Congress under which this land was taken, 40 U.S.C.A. § 258a, provides:

"The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

No case has been cited which supports the position taken by the County. It would be unfair and inequitable to sustain the County's position and allow the County a priority in payment over other lienholders who may have lost their liens; also, as against other creditors whose debts have not been paid.

The County of Allegheny contends that interest on the taxes which were liens at the time of the condemnation should be paid from the time of the condemnation until the time of payment. The United States agrees to this position. This position is sustained in United States v. Certain Land in City of St. Louis, Mo., D.C.E.D. Mo.1939, 29 F.Supp. 92, and also in United States v. Certain Lands in Borough of Brooklyn, Kings County, State of New York et al., 2 Cir., 1942, 129 F.2d 577. This position is just and equitable. The petitioner could have requested the payment of these taxes, including the interest thereon, when the land was taken, or at any time thereafter, or he could have stopped the accruing of interest by payment of the taxes.

Let an order be prepared and submitted in accordance with the opinion aforesaid.