**WEBER v. WELLS et al.**

No. 11154.

Circuit Court of Appeals, Ninth Circuit.

April 8, 1946.

Mathew Weber, of San Francisco, Cal., for appellant.

Royal E. Handlos, of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and ORR, Circuit Judges.

ORR, Circuit Judge.

In the year 1936, appellees being the owners of lot 9 in block 4611, and lot 11 in block 4616, situate in the City and County of San Francisco, State of California, failed and neglected to pay the general taxes levied as state and municipal taxes for that year. Said taxes having become delinquent, said property was sold to the State of California on the 25th day of June, 1937, pursuant to the provisions of section 3436 of the Revenue and Taxation Code of the State of California. The taxes for the years 1937–1938, 1939, 1940 and 1941, which were levied and assessed against said property, also became delinquent.

On April 4, 1942, the Government of the United States instituted proceedings in the District Court to condemn certain lands, of which the lands above described formed a part, and obtained an order of immediate possession on the same day. A declaration of taking was signed April 15, 1942, pursuant to the act of February 26, 1931, 40 U.S.C.A. § 258a.[1] On April 22, 1942, an ex parte judgment was entered ordering

---

[1] 40 U.S.C.A. § 258a:

"§ 258a. * * * Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto. * * *"

immediate possession and delivery of the property.

On August 6, 1942, appellant filed an answer. An amended declaration of taking was filed December 12, 1942, and on November 22, 1943, appellant filed a notice of motion for payment to him of the sum of $1950, that being the amount on deposit in the District Court as compensation for the parcels of land hereinbefore described. On January 6, 1944, appellees, with the exception of Paul Merrill, filed their answer. The trial court, on February 7, 1944, entered its order denying appellant's motion for said money.

On July 14, 1942, the Tax Collector of the City and County of San Francisco, State of California, ostensibly acting pursuant to the provisions of applicable California law, sold the property in question to appellant and delivered to appellant deeds thereto, which were recorded. It is the alleged title secured by said deeds that appellant asserts in claiming the money on deposit with the District Court as compensation for the land.

■ At the time of the purported tax sale on July 14, 1942, did the State of California have any interest in said land to sell? We think not. From the time of the sale to the State of California on the 25th day of June, 1937, the owners had five years to redeem. The legal title remained in the appellees as taxpayers subject to a lien in favor of the State. In effect "it" was "not a sale but * * * merely a book transaction to facilitate the adjustment of accounts between the tax collector and the auditor." Ducey v. Dambacher, 27 Cal.App.2d 658, 661, 81 P.2d 597. On April 22, 1942, the date of the judgment awarding immediate possession and delivery of the land to the Government, the period of redemption had not run. The legal title to said land, on said date, passed from appellees to the Government and the lien held by the State of California was, by operation of law, lifted from the land and impressed upon the fund received from the Government in payment therefor.[2]

The Tax Collector of the City and County of San Francisco, on July 14, 1942, in professing to sell the land to appellant, performed an idle act. The State of California at the time had no claim or lien upon the land whatsoever. It had nothing to sell when appellant attempted to buy; hence, he bought nothing. He argues that the sale to the Government did not extend the period of redemption. Quite true, but it left nothing to which a redemption period could relate or become effective. The entire picture was changed by the taking of title by the Government and out of the funds in the custody of the United States District Court was the State to receive the money due it for taxes, not from sale of an interest in the land. The persons entitled to the remainder of the fund, after the lien of the state is satisfied, are the owners at the time of the taking,[3] in this case, the appellees, not appellant.

Appellant cites the case of United States v. Certain Lands in the Town of Hempstead, 129 F.2d 918. In deciding the Hempstead case, supra, the Circuit Court of Appeals, Second Circuit, had occasion to construe certain statutes of the state of New York. In the instant case we are governed by applicable California statutes. We are not persuaded that the statutes under consideration in the Hempstead case, supra, and the governing California statutes in the instant case require the same interpretation.

■ Appellant complains of the award made to Paul Merrill, one of the named appellees, and argues that inasmuch as said Paul Merrill had not appeared in the case the award to him was error. We do not think appellant has such an interest in the subject matter as to entitle him to raise the question.

Judgment affirmed.

---

[2] See, United States v. 150.29 acres of Land, etc., 7 Cir., 135 F.2d 878, 880, and cases cited; Meadows v. United States, 4 Cir., 144 F.2d 751, 753.

[3] Empie v. United States, 4 Cir., 131 F.2d 481.