[L. A. No. 19784.   In Bank.   Feb. 3, 1948.]

WESTON INVESTMENT COMPANY (a Corporation), Respondent, v. STATE OF CALIFORNIA, Defendant; COUNTY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, Gordon Boller, Deputy County Counsel, and John E. McCall, City Attorney (Torrance), for Appellants.

Hill, Morgan & Farrer, A. J. Hill and Charles P. McCarthy for Respondent.

GIBSON, C. J.—After payment of the sum claimed due for delinquent taxes, plaintiff sued to recover the amount charged as redemption penalties, which was paid under protest. Defendants' demurrer to the complaint was overruled, and no answer having been filed, judgment was entered for plaintiff. Defendants county and city have appealed.

Plaintiff was the owner of real property on March 2, 1942, when the taxes for the fiscal year became a lien. On October 26, 1942, the United States instituted condemnation proceedings against the property, and thereafter on March 19, 1943, filed a "declaration of taking" and deposited $252,800 with the court as estimated compensation, which had the effect of vesting title in the government. Under the provisions of section 258a of title 40 of the United States Code taxes which are a lien on property when a declaration of taking is filed may be ordered paid out of the estimated compensation fund. (*United States* v. *Certain Parcels of Land in Philadelphia,* 130 F.2d 782, 783; *Weber* v. *Wells,* 154 F.2d 1004, 1005; *Collector of Revenue* v. *Ford Motor Co.,* 158 F.2d 354, 357.) No effort was made, however, to take advantage of section 258a until June 10, 1943, when defendants filed a claim in the condemnation proceedings for installments which were a lien on March 2, 1942, and which became in default on December 5, 1942, and on April 10, 1943. The record does not disclose why an order was not obtained forthwith for the payment of this

claim, thus preventing the accrual of additional penalties. (See *United States* v. *Eddings,* 50 F.Supp. 926; *United States* v. *Certain Parcels of Land,* 47 F.Supp. 333-334.) Instead, the property was sold to the state on June 30, 1943, under the provisions of section 3436 of the Revenue and Taxation Code for nonpayment of taxes. Thereafter, defendants filed a second claim which included redemption penalties. This claim was paid in full in July, 1945, from the fund on deposit, the amount charged as redemption penalties being paid under protest.

The sole question to be determined is whether the condemnation fund was chargeable with the amount claimed as redemption penalties.

The federal courts have uniformly held that the nature and extent of the tax liability in a condemnation proceeding such as is involved here is to be determined by the applicable state law. (*Collector of Revenue* v. *Ford Motor Co.,* 158 F.2d 354, 357; *Weber* v. *Wells,* 154 F.2d 1004, 1005; *United States* v. *Certain Parcels of Land in Philadelphia,* 130 F.2d 782, 783; *United States* v. *Five Acres,* 56 F.Supp. 628 [aff'd in *Richard T. Green Co.* v. *City of Chelsea,* 149 F.2d 927] ; *United States* v. *Certain Lands,* 49 F.Supp. 225; *United States* v. *Certain Parcels of Land,* 47 F.Supp. 333; *United States* v. *53 1/4 Acres,* 46 F.Supp. 875; *United States* v. *Certain Land in City of St. Louis,* 29 F.Supp. 92.)

Defendants contend that a taxpayer is personally liable for real property taxes, that delinquent and redemption penalties are a part of the tax, and that all are a lien on the property. They argue, therefore, that plaintiff is personally liable for the redemption penalties, and that, inasmuch as the condemnation fund deposited by the government takes the place of the real property, it is subject to the lien of the tax, including all penalties.

The statutes do not expressly make the payment of real property taxes the personal liability of the taxpayer except where the lien is insufficient to secure the payment of delinquent taxes. (Rev. & Tax. Code, § 3003.) On the other hand, until repealed in 1943, there was an express statutory provision which prohibited suits against assessees for taxes on real property other than possessory interests (Rev. & Tax. Code, § 3001). There is no necessity, however, for us to determine this question here, because even if we should assume that a taxpayer is ordinarily personally liable for property taxes, we are of the opinion, for the reasons hereafter stated, that

plaintiff was not liable for the sum charged as redemption penalties.

There can be no question that delinquent penalties are a part of the tax and that together with the tax they become a lien on the real property, and plaintiff does not dispute that the lien for taxes and delinquent penalties attached to the fund. (Rev. & Tax. Code, §§ 2617-2618; 2704-2705; *Collector of Revenue* v. *Ford Motor Co.*, 158 F.2d 354, 355; *Weber* v. *Wells*, 154 F.2d 1004, 1005; *United States* v. *25.936 Acres of Land*, 153 F.2d 277, 279; cf. *Carpenter* v. *Peoples Mutual Life Ins. Co.*, 10 Cal.2d 299 [74 P.2d 508]; *In re Knox-Powell-Stockton Co.*, 100 F.2d 979, 983.) Plaintiff contends, however, that redemption penalties are not a part of the tax obligation but are charges imposed for the exercise of the right to redeem property which has been sold to the state for taxes and that where the title of the United States intervenes no redemption right ever accrues and that, therefore, there is no basis for the imposition of redemption penalties.

■ When a property owner is in default in payment of his tax obligations, the statute imposes delinquent penalties in order to encourage voluntary payment of the tax. (*Long Beach City School Dist.* v. *Payne*, 219 Cal. 598, 603 [28 P.2d 663]; *Honeycutt* v. *Colgan*, 3 Cal.App. 348, 354 [85 P. 165].) If the delinquency persists, the property is "sold" to the state as a preliminary step in the actual enforcement of the tax lien against the land. The "sale," which occurs "by operation of law and declaration of the tax collector," starts the running of the five-year period at the expiration of which the state may acquire legal title. (Rev. & Tax. Code, §§ 3436, 3476; *Santa Barbara County* v. *Savings etc. Soc.*, 137 Cal. 463, 465 [70 P. 457]; *Crocker* v. *Scott*, 149 Cal. 575, 596 [87 P. 102].) ■ Redemption penalties are imposed as a condition of being relieved from the consequences of the sale. The taxpayer is not required to redeem and it is entirely "optional with him whether to take advantage of the privilege given him by law to redeem the land or let the state keep it." (*Honeycutt* v. *Colgan*, 3 Cal.App. 348, 354 [85 P. 165].)

■ The provisions of the Revenue and Taxation Code which deal with the subject of redemption do not make the redemption penalties a part of the tax obligation to be secured by the lien. (Rev. & Tax. Code, §§ 4101-4408.) Although the statutes provide that the delinquent penalty "attaches to" the taxes (Rev. & Tax. Code, §§ 2617-2618), there is no similar

provision with respect to the redemption penalty. When, after the lapse of the five-year period, the property is sold at public auction, redemption penalties are not included in the amount of the minimum bid that a purchaser from the state is required to offer. (Rev. & Tax. Code, §§ 3476, 3355(f) and 3477.) This fact indicates that redemption penalties were not intended to be regarded as part of the taxes. If property is deeded to the state at the expiration of five years, the statute provides that the deed shall recite that "the property was sold to the state for non-payment of delinquent taxes which were a lien on the real property" and "the amount for which the property was sold" (§ 3513 Rev. & Tax. Code). Redemption penalties are not included in this amount which covers only taxes, delinquent penalties, and costs of sale (§§ 3352, 2617, 2618, 3351). This is a further indication that redemption penalties are not a part of the tax obligation to be secured by the lien. Since they are not a part of the taxes and do not become a lien on the real property, they were not a lien on the fund deposited in the condemnation proceeding.

The statutory scheme, when considered as a whole, clearly indicates that redemption penalties are merely what the name implies—charges for the exercise of the privilege of redeeming sold property. The property in question having been acquired by the United States prior to the tax sale, no right to redeem ever came into existence, and plaintiff was under no liability to pay penalties imposed solely as a condition to the exercise of a privilege which he never had.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.